UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN A. CLARK,

                Plaintiff,

     v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

CASE NO. 3:15-CV-5865 DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Robin A. Clark filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 7.

The Court concludes the Administrative Law Judge ("ALJ") erred when he failed to find Plaintiff's mental impairments severe at Step Two. The ALJ also erred when he failed to properly weigh the Department of Veterans Affairs ("VA") disability rating (hereinafter "VA disability rating") regarding Plaintiff's Post Traumatic Stress Disorder ("PTSD"). Had the ALJ

1   properly considered Plaintiff's mental impairments and properly weighed the VA disability

2   rating, the residual functional capacity ("RFC") may have included additional limitations. The

3   ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence

4   four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for

5   further proceedings consistent with this Order.

6                           FACTUAL AND PROCEDURAL HISTORY

7        On July 9, 2012, Plaintiff filed an application for DIB, alleging disability beginning April

8   24, 2010. *See* Dkt. 10, Administrative Record ("AR") 38. The application was denied upon

9   initial administrative review and on reconsideration. *See* AR 38. A hearing was held before ALJ

10  Gene Duncan on February 25, 2014. *See* AR 38. In a decision dated March 26, 2014, the ALJ

11  determined Plaintiff to be not disabled. *See* AR 38-50. Plaintiff's request for review of the ALJ's

12  decision was denied by the Appeals Council, making the ALJ's decision the final decision of the

13  Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

14       Plaintiff maintains the ALJ erred by: (1) failing to properly consider the medical

15  evidence, including failing to find Plaintiff's mental impairments severe at Step Two; (2) failing

16  to properly consider the lay witness testimony; (3) improperly considering Plaintiff's credibility;

17  (4) improperly considering the VA disability rating (5) failing to properly formulate Plaintiff's

18  RFC; and (6) improperly finding Plaintiff capable of performing jobs that exist in the national

19  economy. Dkt. 14, pp. 1-2, 6-7, 11.

20                                STANDARD OF REVIEW

21       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

22  social security benefits if the ALJ's findings are based on legal error or not supported by

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

1  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

2  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

3                                               <u>DISCUSSION</u>

4      **I.      Whether the ALJ erred by finding Plaintiff's mental impairments did not
               constitute severe impairments at Step Two.**

5      A.  <u>Step Two Findings</u>

6          In her opening brief, Plaintiff includes a summary of the medical opinion evidence and

7  asserts the evidence "contradicts the ALJ's finding that [Plaintiff] has no severe mental

8  impairment." Dkt. 14, pp. 7-14.

9          Step Two of the administration's evaluation process requires the ALJ to determine

10  whether the claimant "has a medically severe impairment or combination of impairments."

11  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§

12  404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not

13  "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a),

14  416.921(a). "Basic work activities are 'abilities and aptitudes necessary to do most jobs,

15  including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or

16  handling.'" *Smolen*, 80 F.3d at 1290 (quoting 20 C.F.R. §140.1521(b)). "An impairment or

17  combination of impairments can be found 'not severe' only if the evidence establishes a slight

18  abnormality having 'no more than a minimal effect on an individual['s] ability to work.'" *Id.*

19  (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting Social Security Ruling

20  "SSR" 85-28)).

21          The Step Two inquiry is merely a threshold determination as to whether a claimant has

22  raised a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir.

23  2007); *see also Smolen*, 80 F.3d at 1290 (noting the Step Two determination is a *de minimis*

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 3

1    screening device used to dispose of groundless claims). An impairment or combination of

2    impairments may be found "not severe only if the evidence establishes a slight abnormality that

3    has no more than a minimal effect on an individual's ability to work." *Smolen*, 80 F.3d at 1290.

4            At Step Two, the ALJ determined Plaintiff's "medically determinable mental

5    impairments of depression and anxiety, considered singly and in combination, do not cause more

6    than minimal limitation in the claimant's ability to perform basic mental work activities and are

7    therefore nonsevere." AR 41. In making his determination, the ALJ correctly included an

8    analysis of the degree of functional limitation for four functional areas. *Keyser v. Comm'r Soc.*

9    *Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011) (requiring an ALJ to examine a plaintiff's mental

10   impairments at Step Two by discussing limitations related to activities of daily living, social

11   functioning, concentration, and decompensation of extended duration). The ALJ "considered the

12   four broad functional areas set out in the disability regulations for evaluating mental disorders"

13   and determined plaintiff had no episodes of decompensation, no limitations in her activities of

14   daily living, and mild limitations in her social functioning and concentration, persistence or pace.

15   AR 41-42. Thus, the ALJ determined "[b]ecause the claimant's medically determinable mental

16   impairments cause no more than 'mild' limitation in any of the first three functional areas and

17   'no' episodes of decompensation which have been of extended duration in the fourth area, they

18   are nonsevere." AR 41-42. Plaintiff argues the ALJ erred in failing to find her mental

19   impairments severe at Step Two because he failed to consider the medical opinions regarding her

20   mental impairments from treating, consulting, and examining doctors. The Court agrees.

21          The record, including the VA disability analysis, demonstrates Plaintiff experienced

22   mental impairments related to PTSD stemming from Military Sexual Trauma ("MST"),

23   depression, and anxiety. Yet, the ALJ provides no analysis of the findings and opinions of

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 4

several VA mental health providers and doctors as well as the consulting, nonexamining, and

testifying doctors when determining Plaintiff's mental impairments were not severe impairments.

For instance, on May 6, 2009, a Registered Nurse ("RN") conducted a Mental Health Triage

Evaluation and a VA licensed social worker completed an outpatient assessment related to

Plaintiff's PTSD and MST. AR 742-43, 734-39. The RN noted Plaintiff had "recurrent

nightmares, nightsweats, intrusive thoughts, difficulty trusting men, avoidance of

thought/feelings, difficulty sleeping, irritability, and hypervigilence [sic]" related to MST. AR

734. Following her mental health screening, Plaintiff began outpatient treatment with VA clinical

psychologists and social workers related to her mental impairments. *See, e.g.*, AR 729-34, 725-

26, 716-17, 688-700, 683-84, 663-64, 550-55. During these appointments, Plaintiff reported

experiencing hypervigilance related to PTSD and MST, anxiety, depression, and decreased sleep

related to PTSD and MST. *See id.* In April 2010, Marilyn G. Duff, MSC, LICSW observed

Plaintiff had the following "issues and problems as significant barriers to the [Plaintiff]

achieving the highest possible level of functioning": (1) PTSD issues, including hyperarousal

related to hypervigilance and avoidance and emotional numbing symptoms; and (2) other anxiety

issues, including generalized or chronic anxiety. AR 694.

On August 2, 2010, April A. Gerlock, Ph.D., ARNP, a VA psychiatric nurse practitioner,

examined Plaintiff for an initial medication evaluation for mental health treatment and diagnostic

interview. *See* AR 686-89. Dr. Gerlock observed Plaintiff "presents with PTSD symptoms and

suffers from the full range of symptoms" associated with PTSD. AR 688. Dr. Gerlock treated

Plaintiff on several more occasions for PTSD, anxiety, depression, and sleep disturbance. *See,*

*e.g.*, 674-75; 659-60; 642-43. On August 20, 2013, psychologist Brett A. Parmenter, Ph.D.,

ABPP conducted a neuropsychological testing on Plaintiff to evaluate cognitive functioning and

1   later followed up with Plaintiff regarding her testing in September 2013. AR 550-61. Dr.

2   Parmenter opined one test he administered to Plaintiff "was noteworthy for significant anxiety"

3   and observed she "has been diagnosed with PTSD and depression." AR 555. Dr. Parmenter also

4   opined once Plaintiff's psychiatric and other symptoms abate "she will experience improvement

5   in her cognitive complaints." AR 555.

6          On September 22, 2012, Alicia Grattan, M.D. conducted a comprehensive psychiatric

7   evaluation on Plaintiff. *See* AR 402-06. She diagnosed Plaintiff with PTSD and opined

8   Plaintiff's prognosis is "guarded". AR 405. Dr. Grattan also observed Plaintiff had functional

9   limitations related to her PTSD, including "difficulty interacting with co-workers and the public"

10  and "the claimant would not deal well with the usual stress encountered in a competitive work

11  environment." AR 406. Nonexamining psychologist Michael Brown, Ph.D. opined Plaintiff "will

12  have occasional lapses in concentration and interruptions from her psychiatric symptoms" and

13  she "should work away from the general public and will do best with independent work" AR

14  118-19. Similarly, nonexamining psychologist John F. Robinson, Ph.D. opined Plaintiff is

15  limited to "simple and superficial social cooperation with … coworkers and the public" and "will

16  have occasional lapses in concentration and interruptions from her psychiatric symptoms." AR

17  133-34. At the hearing, Dr. Toews testified Plaintiff would not do well with the public and could

18  have superficial interaction with coworkers and supervisors. AR 70-75.

19         Notwithstanding this extensive longitudinal treatment history, the ALJ found Plaintiff

20  suffered from no more than mild functional limitations as a result of her mental impairments. *See*

21  AR 40-41. The ALJ discussed Plaintiff's activities of daily living, social functioning, and

22  concentration, persistence and pace at Step Two. But, there is no indication the ALJ analyzed the

23  findings and opinions of several VA mental health providers and doctors as well as the

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

1    consulting, nonexamining, and testifying doctors when determining Plaintiff's mental

2    impairments were not severe impairments. *See* AR 41-42. As summarized above, the Court finds

3    the evidence of record shows Plaintiff's mental impairments were present during the disability

4    period and caused more than a minimal effect on her functional limitations. Accordingly, the

5    Court finds Plaintiff mental impairments are severe and the ALJ erred by finding these

6    impairments "non-severe" at Step Two.

7         B.  <u>Harmless Error Analysis</u>

8         "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

9    F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

10   claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

11   *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

12   F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

13   application of judgment" by the reviewing court, based on an examination of the record made

14   "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina,* 674 F.3d at

15   1118–1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407, 129 S.Ct. 1696, 173 L.Ed.2d 532

16   (2009) (quoting 28 U.S.C. § 2111)). If the ALJ accounts for all Plaintiff's limitations in assessing

17   the residual functional assessment ("RFC"), the Step Two error is harmless. *See Lewis v. Astrue*,

18   498 F.3d 909, 911 (9th Cir. 2007).

19        Here, in determining Plaintiff's RFC, the ALJ analyzed Drs. Grattan's, Brown's, and

20   Robinson's opined limitations related to Plaintiff's mental impairments and discounted those

21   opinions as inconsistent with other medical opinions and Plaintiff's activities of daily living. *See*

22   AR 47. The ALJ also discussed Dr. Toews's opinion and gave it some weight. *See* AR 48. The

23   ALJ appears to have incorporated part of Dr. Toews's opined limitations in the RFC, finding

24

1    Plaintiff requires "cursory superficial contact with the public. She should not work around

2    crowds or a large number of people. She should work independently." AR 43.

3           However, the ALJ did not discuss the findings and medical records of the VA and

4    limitations contained therein when assessing the RFC including her PTSD and MST, anxiety,

5    and depression. *See*, *e.g.*, AR 674-75; 659-60; 642-43, 550-55. As the ALJ provides no

6    discussion of Plaintiff's VA records, the Court cannot determine if the ALJ properly considered

7    these impairments and resulting limitations during the RFC assessment.

8           Moreover, the ALJ did not discuss Plaintiff's separate mental impairment diagnoses

9    individually—other than mentioning Plaintiff alleges panic attacks and PTSD, *see* AR 43—even

10   though Plaintiff was diagnosed with three separate mental impairments, including PTSD and

11   MST, anxiety, and depression. *See*, *e.g.*, AR 674-75; 659-60; 642-43; 550-55. Thus, the Court

12   cannot determine which mental impairments were considered when the ALJ determined

13   Plaintiff's RFC. *See* AR 43-49; *see also Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)

14   (holding "[b]ecause the ALJ excluded panic disorder from [Plaintiff's] list of impairments and

15   instead characterized her diagnosis as anxiety alone, the residual functional capacity

16   determination was incomplete, flawed, and not supported by substantial evidence in the

17   record."); *Johnson v. Astrue*, No. C10-1469-TSZ, 2011 WL 3881486, at *3 (W.D. Wash. July

18   29, 2011), *report and recommendation adopted,* No. C10-1469-TSZ, 2011 WL 3880904 (W.D.

19   Wash. Sept. 2, 2011) (instructing the ALJ to clarify which mental impairments were considered

20   in his analysis where the ALJ merely mentioned mental impairments in the plural and singular

21   without discussing the plaintiff's diagnoses); *Stone v. Astrue*, No. C10-713-RSL-JPD, 2010 WL

22   5510092, at *6 (W.D. Wash. Nov. 26, 2010), *report and recommendation adopted,* No. C10-

23   713-RSL, 2011 WL 31762 (W.D. Wash. Jan. 3, 2011) (finding the ALJ erred at Step Two by

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 8

1  considering one diagnosed mental impairment but failing to discuss the other diagnosed mental

2  impairment).

3        Had the ALJ properly considered Plaintiff's mental impairments at Step Two, the RFC

4  assessment and hypothetical question posed to the vocational expert may have included

5  additional limitations. As the ALJ's failure to properly consider Plaintiff's mental impairments at

6  Step Two and throughout the remaining sequential evaluation process affects the ultimate

7  disability decision, it is not harmless.

8        **II.      Whether the ALJ Properly Evaluated the VA's Disability Rating.**

9        Plaintiff also challenges the ALJ's treatment of Plaintiff's VA disability rating. Dkt. 14,

10  pp. 6-7. With respect to her mental impairments, the VA determined Plaintiff 50% disabled

11  based upon her diagnosis of PTSD as of May 13, 2009. *See* AR 275, 765. The VA also

12  determined Plaintiff 20% disabled based upon her right hand scarring and 10% disabled based

13  upon her "right foot tenosynovitis with mild retrocalcaneal ligamentous calcification and

14  spurring".[1] AR 765.

15        Although a determination by the VA about whether a claimant is disabled is not binding

16  on the SSA, an ALJ must consider that determination in reaching his or her decision. *McCartey*

17  *v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504. Further, the ALJ

18  "must ordinarily give great weight to a VA determination of disability." *McCartey*, 298 F.3d at

19  1076. This is because of "the marked similarity" between the two federal disability programs.

20  _____

21        [1] "The VA may assign a partial rather than a total disability rating to a veteran …." *See*
      *McLeod v. Astrue*, 640 F.3d 881, 886, 886 n.16 (9th Cir. 2011) *citing* 38 C.F.R. §§ 4.1
22  (explaining that VA disability percentage ratings represent the average impairment in earning
      capacity resulting from diseases and injuries), 4.15 (limiting VA total disability ratings to "any
23  impairment of mind or body which is sufficient to render it impossible for the average person to
      follow a substantially gainful occupation").
24

*See id.* (describing similarities in the programs). However, "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

Here, the ALJ noted the VA "granted the claimant a disability rating of 50 percent due to PTSD and disability rating of 10 percent due to right foot injury" and gave the opinion "little weight" because:

> [I]t provides little probative value in my analysis as the VA uses different rules governing the definition and assessment of disability. Furthermore, the rating related to her PTSD is inconsistent with the medical evidence showing the impairment was nonsevere for the reasons discussed above.

AR 47. Plaintiff argues the ALJ failed to satisfy the legal standard to give little weight to the VA disability rating. The Court agrees.

First, the ALJ rejected the VA disability rating because VA disability determinations are different than social security disability determinations. Defendant concedes "the ALJ's first reason was admittedly insufficient". Dkt. 15, p. 15. Indeed, as noted above, the Ninth Circuit has specifically determined the ALJ must give great weight to VA disability determinations because of "the marked similarity" between the determinations. *McCartey*, 298 F.3d at 1076. Thus, the first reason for discounting the VA disability rating is legally insufficient and fails to provide the persuasive, specific, or valid reasons necessary to give little weight to the VA disability rating.

Second, the ALJ rejected the VA disability rating as inconsistent with medical opinion evidence, specifically the ALJ's determination that Plaintiff's PTSD is not severe. *See* AR 47. Here, the ALJ did not cite to any medical evidence and only made a general reference to "reasons discussed above". *See id.* However, as noted above in Section I, *supra*, the ALJ erred in failing to find Plaintiff's mental impairments not severe at Step Two. Thus, the ALJ's reliance on

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 10

1   his earlier discussion of Plaintiff's mental impairments also falls short of the persuasive, specific,

2   or valid reasons required to reject the VA disability rating. In addition, the ALJ failed to discuss

3   entirely the VA's disability rating regarding Plaintiff's physical impairments. Thus, for this

4   second reason, the ALJ failed to provide persuasive, specific, or valid reasons to give little

5   weight to the VA disability rating.

6        Accordingly, upon remand, the ALJ shall reevaluate the VA disability rating and provide

7   the rating great weight unless he provides persuasive, specific, or valid reasons for giving little

8   weight to the rating. *See McCartey*, 298 F.3d at 1076.

9   **III.     Whether the ALJ Erred by Improperly Evaluating the Medical Opinion**
    **Evidence, Lay Witness Statement, Plaintiff's Testimony and Statements, and**
10  **Failing to Properly consider Plaintiff's RFC.**

11       The ALJ's error at Step Two requires remand to the administration to properly consider

12  Plaintiff's severe impairments and to reconsider each of the remaining steps in the administrative

13  process incorporating the additional severe impairments and the work limitations possibly caused

14  by Plaintiff's mental impairments. As the ALJ's error at Step Two impacts all aspects of the

15  ALJ's decision, the ALJ is instructed to re-evaluate this entire matter on remand. Thus, it is

16  unnecessary to address the other issues raised in Plaintiff's appeal.

17  **IV.     Whether the case should be remanded for an award of benefits.**

18       Plaintiff argues in a conclusory manner this matter should be remanded with a direction

19  to award benefits. *See* Dkt. 14, p. 19. The Court concludes it would be inappropriate to do so

20  because outstanding issues must be resolved by the Commissioner. *See Smolen*, 80 F.3d at 1292.

21

22

23

24

1

CONCLUSION

2          Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

3    Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

4    this matter is remanded for further administrative proceedings in accordance with the findings

5    contained herein.

6          Dated this 11th day of August, 2016.

7

8

David W. Christel
9                                                        United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 12